NEES OLSON *et al.* v. THE HOUSTON NATIONAL BANK.

No. 15,613.    (96 Pac. 853.)

1. NEGOTIABLE INSTRUMENTS—*Innocent Purchaser.*    Evidence
examined and held sufficient to prove that at the time a bank
purchased a note it had notice that the maker claimed the
note had been paid.

2. AGENCY—*Corporation—Evidence—Res Gestæ.*    It was said
the statements of one occupying the office of president and
transacting a bank's business were verbal acts contempora-
neous with his conduct as a bank official and part of the *res
gestæ,* and were admissible against the bank.

Error from Marion district court; OSCAR L. MOORE,
judge.    Opinion filed July 3, 1908.    Reversed.

*W. H. Carpenter,* for plaintiffs in error.

*R. L. King,* and *D. W. Wheeler,* for defendant in
error.

*Per Curiam:*    It was manifest error for the court to
sustain the demurrer to the defendants' evidence.
There was some evidence to prove a defense to the
note, and there was abundant evidence to prove notice
to the bank.    One of the defendants testified that he
was at Houston, Tex., in April, 1906, and that he went
into the bank and inquired about the note of the per-
son at the window of the receiving or paying teller,
who told him to go and see the president of the bank
in his office; that he went through the rooms occupied
by the tellers, cashier and others, and was directed into
a room which bore the sign "President."    He found a
man there and asked if he was president of the bank.
The man said he was.    When he inquired if the bank
held the note, describing it, the man said "I will look
and see," and went into the other rooms, where the
tellers and cashier were, and after a little while re-
turned and said: "We have no such paper."    This de-
fendant then notified him not to purchase the note be-
cause it had been paid.    If this were not enough, the

witness testified in addition that he had been in the bank once before and found the same man in the same office, who was introduced to him as the president of the bank.

The doctrine that agency can not be established by proof of the acts or declarations of the supposed agent has no application. The agency was clearly established by other competent evidence. The statements of the person actually occupying the office of president and transacting the bank's business were verbal acts contemporaneous with his conduct as an officer of the bank and part of the *res gestæ*, and therefore were admissible against the bank. It would seem unnecessary to cite authorities in support of the proposition that there was some evidence that the person the witness talked with was the acting president of the bank. Being uncontradicted, it was sufficient evidence to warrant a finding to that effect.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.